NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CARL DAVID ROGERS, *Appellant*.

No. 1 CA-CR 18-0869
FILED 10-1-2020

Appeal from the Superior Court in Maricopa County
No.  CR2015-114429-001
The Honorable James R. Rummage, Judge *Pro Tempore, Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Carl David Rogers, Eloy
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

**¶1**　　This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Carl David Rogers advised the court that, after searching the entire record, he has found no arguable question of law, and asks this court to conduct an *Anders* review of the record. Rogers was given the opportunity to file a supplemental brief and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Rogers' convictions and resulting sentences are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　Rogers was charged with various offenses related to a March 2015 burglary at a car repair shop in Mesa. While the case was pending, Rogers absconded, and he was tried in absentia. In September 2016, the jury found Rogers guilty of theft, a Class 3 felony (based on the value of the property taken); unlawful use of means of transportation, a Class 5 felony; and unlawful flight from a law enforcement vehicle, a Class 5 felony. The jury found Rogers not guilty of burglary in the third degree and found aggravating circumstances alleged by the State had not been proven, or the jury could not reach a unanimous verdict on the allegation.

**¶3**　　Over the next year and a half, Rogers was arrested, and then released, absconded again, and was arrested again. At his attorney's request, Rogers then participated in competency proceedings. *See* Ariz. R. Crim. P. 11 (2020).[1] After being found not competent but restorable, he participated in restoration services and, in October 2018, was found competent.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4            At a November 2018 sentencing, the court found Rogers had at least several historical felony convictions, tracing back to the early 1980s, and sentenced him as a category three repetitive offender. The court sentenced Rogers to concurrent, less-than-presumptive prison terms, the longest of which was nine years, awarding him 468 days of presentence incarceration credit. The court also imposed financial consequences. This court has jurisdiction over Rogers' timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5            The record shows that Rogers was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record contains substantial evidence supporting the verdicts and historical felony convictions found by the court. The prison sentences imposed were within statutory limits.

¶6            It does not appear the superior court asked Rogers if he wished to speak at sentencing. *But cf.* Ariz. R. Civ. P. 26.10(b)(1) ("When the court pronounces sentence, it must . . . give the defendant an opportunity to address the court."). However, no request was made for Rogers to do so and he does not claim error, meaning any issue regarding allocution does not constitute reversible error. *See State v. Hinchey*, 181 Ariz. 307, 313 (1995) ("[E]ven if a court forgets to invite the defendant to speak, there is no need for resentencing unless the defendant can show that he would have added something to the mitigating evidence already presented."). In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

¶7            Rogers supplemental self-represented brief raises various issues. He first argues that the post-verdict finding, after he was apprehended many months after trial, that he was not competent but restorable suggests he was "unable to assist his own attorney in his defense after trial was held." However, proceedings were stayed from the time he was found not competent but restorable until he was later found to have been restored to competency. Only after the finding of competency did the sentencing occur, including the evidentiary hearing on his historical felony convictions. Accordingly, Rogers has shown no denial of due process.

¶8          Given the substantial period between trial and when he was found not competent but restorable, Rogers has not shown he was not competent at the time of trial. Moreover, he was tried in absentia and he has not shown how the finding, many months later, that he was not competent but restorable means he should be granted "a new trial due to these points in order to have a fair trial."

¶9          Rogers next claims that he was denied due process because he did not have a meaningful opportunity to participate with his appellate counsel. Rogers has not supported such a claim factually. Moreover, any ineffective assistance of counsel claim more properly should be addressed after his appeal is resolved. *See* Ariz. R. Crim. P. 32.

¶10          Rogers claims that his "alleged priors were exaggerated and the courts were misle[]d by the prosecutor." Again, however, he does not support the claim factually. Nor does he show how the court erred in finding his historical felony convictions and sentencing him as a category three repetitive offender. Similarly, Rogers does not support his bald claim that he "was denied the opportunity to participate meaningfully at every phase."

¶11          Rogers' expressed concerns regarding safety during his prior incarceration would have been relevant, if at all, at sentencing, where he did not raise the issue and where he received less than presumptive prison terms. His claims regarding how he was apprehended and the bond forfeiture hearing are not relevant to the issues of guilt and his resulting sentences, which are the focus of this appeal. Similarly, statements made during a post-sentencing restitution hearing are not relevant here.

¶12          To the extent Rogers' supplemental brief argues the trial evidence should have been construed differently, that was an issue for the jury to resolve at trial, not this court on appeal. *See, e.g., State v. Lee*, 189 Ariz. 590, 603 (1997) ("When the evidence supporting a verdict is challenged on appeal, an appellate court will not reweigh the evidence. The court must view the evidence in the light most favorable to sustaining the conviction, and all reasonable inferences will be resolved against a defendant.") (citing *State v. Tison*, 129 Ariz. 546, 552 (1981)). Similarly, although Rogers claims his booking photo was used at trial, he has not shown that it was identified as such to the jury. To the extent Rogers claims he needed more time to file his supplemental brief, he did not file a request seeking more time and the time to do so has long since passed. Ariz. R. Crim. P. 31.13.

## CONCLUSION

**¶13**        This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Rogers' convictions and resulting sentences are affirmed.

**¶14**        Upon the filing of this decision, counsel is directed to inform Rogers of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Rogers shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA